DE WITT ROOSA, as Trustee under the Will of LATHAM COR-
     NELL, Deceased, Respondent, *v.* WALTER C. HARRINGTON
     et al., Respondents, and LOUISA CORNELL, Appellant.

1. WILL — VESTED CONTINGENT REMAINDERS. Contingent remainders vesting immediately upon the death of the testator are created by the codicil of a will which establishes a trust for a designated person in a portion of the residuary estate with a discretion in the executors to pay over the principal, and provides that, in case the principal is not paid over and the *cestui que trust* dies without issue surviving him, the executors are "then to pay said principal," on his death, to designated remaindermen who were in being and capable of taking, where, from the will and codicil as a whole, an intention is manifest to completely dispose of the estate in favor of the persons named and to confine the possession and enjoyment of the estate to representatives in their line of descent, and

the words "to pay" appear to have been used without special reference to any technical meaning and as ordinary words of gift, indicating the time when the right of possession was to begin: In such case the fund will pass to the legatees and next of kin of the remaindermen on the death, subsequent to their decease, of the *cestui que trust* without issue surviving and without the principal having been paid to him, and not to the testator's widow and next of kin on the ground of intestacy with respect to such fund.

2. CONSTRUCTION — POSSESSION. An apparent intention in a will that an estate shall vest immediately upon the testator's death in remaindermen who were then living must control and supplant the rule which is applicable where there is merely a direction to divide at a future time among a class to be then ascertained, since the intention is the paramount rule of construction.

*Roosa* v. *Harrington*, 57 App. Div. 631, affirmed.

(Argued May 8, 1902; decided May 29, 1902.)

APPEAL from a final judgment, entered October 12, 1901, upon an order of the Appellate Division of the Supreme Court in the third judicial department, which affirmed an interlocutory judgment of Special Term construing the will of Latham Cornell, deceased.

The facts, so far as material, are stated in the opinion.

*Eugene E. Sheldon* for appellant. By the will and codicil there has been an equitable conversion into personalty of the third of the real estate given by the terms of the will to Charles W. Cornell absolutely, but by the codicil executed later on the same day changed to a legacy in trust for his benefit. (*Salisbury* v. *Slade,* 160 N. Y. 288; *Delafield* v. *Barlow,* 107 N. Y. 535; *Powers* v. *Cassidy,* 79 N. Y. 614; *Dodge* v. *Pond,* 23 N. Y. 69; *Shipman* v. *Rollins,* 98 N. Y. 326; *Morse* v. *Morse,* 85 N. Y. 53; *Greenland* v. *Waddell,* 116 N. Y. 239; *Lent* v. *Howard,* 89 N. Y. 177; *Fisher* v. *Banta,* 66 N. Y. 468; *Frazier* v. *Trustees,* 124 N. Y. 179.) When the only gift is found in a direction to pay at a future time, and then only upon a contingency occurring at such future time, futurity is of the substance of the gift, and the vesting of the gift will be postponed to such future time. (*Smith* v. *Edwards,* 88 N. Y. 92; *Shipman* v. *Rollins,* 98 N. Y. 327; *Warner* v. *Durant,* 76 N. Y. 133; *Matter of Baer,* 147

N. Y. 348; *Delaney* v. *McCormack*, 88 N. Y. 174; *Delafield*
v. *Shipman*, 103 N. Y. 468; *Clark* v. *Cammann*, 160 N. Y.
315; *Matter of Brown*, 154 N. Y. 322; *Matter of Young*, 145
N. Y. 535.) Futurity was of the essence of the gift, because
the very existence of the gift depended upon a contingency.
(*Van Nostrand* v. *Moore*, 52 N. Y. 18.) The property given
to the trustees by the second clause of the codicil was personal,
and the rules applicable to that species of property are
to be applied here. (*Bowditch* v. *Ayrault*, 138 N. Y. 227;
*Stokes* v. *Weston*, 142 N. Y. 436; *Matter of Mahan*, 98 N.
Y. 372; *Matter of Seaman*, 147 N. Y. 74; *Loder* v. *Hat-
field*, 71 N. Y. 98; *Paterson* v. *Ellis*, 11 Wend. 259;
*Everitt* v. *Everitt*, 29 N. Y. 75; *Stevenson* v. *Lesley*, 70 N.
Y. 512; *Livingstone* v. *Greene*, 52 N. Y. 118; *Moore* v.
*Lyons*, 25 Wend. 119.) The testator is presumed to have
intended to dispose of all his property, and an interpretation
which results in partial intestacy will not be favored. Where
a clause in a will is capable of two interpretations, the one
should be adopted which prefers the persons of the testator's
blood to strangers. (*Clark* v. *Cammann*, 160 N. Y. 325;
*Steinway* v. *Steinway*, 163 N. Y. 198; *Shipman* v. *Fan-
shaw*, 15 Abb. [N. C.] 288; *Matter of Russell*, 168 N. Y.
177.) A bequest of a share of the residuary estate does not,
upon its lapsing, fall back into the residuary, but is unbe-
queathed assets, and is disposed of as in the case of intestacy.
(1 Jarman on Wills, 764; *Kerr* v. *Dougherty*, 79 N. Y. 331;
*Beekman* v. *Bonsor*, 23 N. Y. 312; *Downing* v. *Marshall*,
23 N. Y. 367; *White* v. *Howard*, 46 N. Y. 144.) The
acceptance by the appellant of the legacy given in lieu of
dower, will not prevent her from sharing in that part of the
estate consisting of personal property which was not disposed
of by the will. (*Kerr* v. *Dougherty*, 79 N. Y. 331; *Hatch*
v. *Bassett*, 52 N. Y. 359.)

*Howard Chipp* for plaintiff, respondent. Under the pro-
visions of the Revised Statutes and the Real Property Law,
on the death of Charles W. Cornell without issue, the prop-

erty in question went, under the will of Latham Cornell, to the heirs and next of kin of William W. Cornell and the devisees of Sarah E. Harrington. (1 R. S. 723, 725, 726, §§ 7–9, 11, 13, 35, 41 ; *Matter of Tompkins,* 154 N. Y. 634 ; *Matter of Brown,* 154 N. Y. 313.) There being no provision in the will of Latham Cornell requiring that his son and daughter should survive the happening of the contingencies upon which their estates were limited, as a condition of such estates taking effect, the estates descended respectively to the heirs and next of kin of William W. Cornell and to the devisees of Sarah. (*Hennessy* v. *Patterson,* 85 N. Y. 103 ; *Kenyon* v. *See,* 94 N. Y. 563 ; *Griffin* v. *Shepard,* 40 Hun, 355 ; 124 N. Y. 70 ; *Sage* v. *Wheeler,* 3 App. Div. 38; 158 N. Y. 679 ; *Matter of Brown,* 154 N. Y. 313 ; *Ham* v. *Van Orden,* 84 N. Y. 257; *Dodge* v. *Stevens,* 105 N. Y. 585 ; Fowler on Real Prop. 210.) The rule that where there is no direct bequest, and the gift is contained only in a direction to pay or divide at a future time, the gift is future and contingent and does not take effect until such time arrives, has no application to the bequest over of the trust fund here. (*Hennessy* v. *Patterson,* 85 N. Y. 101.) The rule relied upon by the appellant is not absolute, but must always yield to the intention of the testator, as found in the entire will. (*Goebel* v. *Wolf,* 113 N. Y. 412 ; *Matter of Young,* 145 N. Y. 538; *Matter of Tompkins,* 154 N. Y. 634; *Meeks* v. *Meeks,* 161 N. Y. 66.) This will comes within the doctrine of the cases where the rule in question has been held to be inapplicable. (*Carr* v. *Smith,* 25 App. Div. 214 ; 161 N. Y. 636 ; *Matter of Embree,* 9 App. Div. 602 ; 154 N. Y. 778 ; *Matter of Tienken,* 131 N. Y. 391; *Shangle* v. *Hallock,* 6 App. Div. 55 ; *Bowditch* v. *Ayrault,* 138 N. Y. 222 ; *Campbell* v. *Stokes,* 142 N. Y. 23 ; *Matter of Gardner,* 140 N. Y. 128; *Goebel* v. *Wolf,* 113 N. Y. 412 ; *Matter of Young,* 145 N. Y. 538.)

*Samuel Foster* for Walter C. Harrington et al., respondents. Latham Cornell disposed by his will of all of his property. (*Goebel* v. *Wolf,* 113 N. Y. 405 ; *Ham* v. *Van Orden,*

84 N. Y. 257; *Hennessy* v. *Patterson*, 85 N. Y. 91; *Matter of Tienken*, 131 N. Y. 391; *Pond* v. *Bergh*, 10 Paige, 140; *Gilman* v. *Reddington*, 24 N. Y. 16; *Jackson* v. *Lyttel*, 56 N. Y. 108; *Smith* v. *Scholtz*, 68 N. Y. 41; *Losey* v. *Stanley*, 147 N. Y. 560; *Campbell* v. *Stokes*, 142 N. Y. 23.) As Mrs. Harrington had such an interest in this trust fund as could be devised by will, and that interest having come into possession, or rather the right to possession thereof having accrued by the happening of the contingency named in the will of Latham Cornell, her share must be divided according to the terms of her will. (*Pond* v. *Bergh*, 10 Paige, 140; *Lockwood* v. *Mildeberger*, 159 N. Y. 181; *Schettler* v. *Smith*, 41 N. Y. 328.) Where a fund is kept *in solido* for convenience of investment, the shares and interests are several, although the fund remains undivided. (*Vanderpoel* v. *Loew*, 112 N. Y. 167, 180; *Locke* v. *F. I. & T. Co.*, 140 N. Y. 135, 143, 144.) Louisa Cornell can have no interest whatever in the trust fund, either the principal part or the income that has accrued since the death of the *cestui que trust*. (*Adams* v. *Benson*, 19 Wkly. Dig. 539.) The rule that where the only gift is found in a direction to ₒ the trustee to pay upon the occurrence of a contingency, which may or may not happen, futurity must be considered as of the substance of the gift, and, therefore, there is no vesting of the gift until the contingency has happened, has no application to this case. (*Sage* v. *Wheeler*, 3 App. Div. 38; *Matter of Embree*, 9 App. Div. 602; *Moore* v. *Lyons*, 25 Wend. 119; *Scott* v. *Guernsey*, 48 N. Y. 106; *Byrnes* v. *Stilwell*, 103 N. Y. 453; *Matter of Brown*, 154 N. Y. 313; *Matter of Young*, 145 N. Y. 535, 538; *Bowditch* v. *Ayrault*, 138 N. Y. 222; *Loder* v. *Hatfield*, 71 N. Y. 92.)

*Bernard & Van Wagenen* for Charles W. Crispell, as executor of Charles W. Cornell, deceased, respondent. If there was a vesting of the estate, William W. Cornell and Sarah E. Harrington took the legacy as tenants in common and not as joint tenants, and upon their respective deaths

their representatives took their share in said legacy. (*Manice* v. *Manice,* 43 N. Y. 382; *Groff* v. *Mannett,* 31 N. Y. 13; *Campbell* v. *Foster,* 35 N. Y. 370; *Lane* v. *Brown,* 20 Hun, 387; *Blanchard* v. *Blanchard,* 4 Hun, 289; *Everitt* v. *Everitt,* 29 N. Y. 72; *Mills* v. *Hasson,* 140 N. Y. 104; *Bliven* v. *Seymour,* 88 N. Y. 478; *Matter of Kimberly,* 150 N. Y. 90; *Moffet* v. *Duryea,* 152 N. Y. 475; *Tompkins* v. *Verplanck,* 10 App. Div. 577; *Edson* v. *Bartow,* 10 App. Div. 114; *Mills* v. *Cussom,* 140 N. Y. 104.) The next of kin of Latham Cornell are to determine at the death of said Latham Cornell and not at the death of Charles W. Cornell, and the fact that Charles W. Cornell was the life tenant with the right of the executors or trustees to pay him the principal, does not prevent his taking as heir at law and next of kin through his uncle, William W. Cornell, and transmitting the same by will. (*Hoes* v. *Van Housen,* 1 Barb. Ch. 379; *Matter of Kane,* 2 Barb. Ch. 375; *Clark* v. *Cammann,* 14 App. Div. 127; 160 N. Y. 328; *Simonson* v. *Waller,* 9 App. Div. 505; *Brown* v. *Ritcher,* 25 App. Div. 239.)

Gray, J. This appeal involves the construction of the will of Latham Cornell, deceased, in so far as the ultimate disposition of a share of his residuary estate is concerned. The will is short. By its first clause, he appoints his son and a grandson executors, with power of sale. By the second clause, he gives his wife $20,000, in lieu of dower right in the estate. By the third clause, he gives to his executors, in trust, the sum of $15,000, which they are to invest for his grandson, Latham Cornell Strong, until he shall arrive at the age of 35 years, paying to him meanwhile the income, and "then to pay said principal sum" to him. In the case of his death before attaining that age, he gives the said sum of $15,000 to his son, William W. Cornell, to his daughter, Sarah E. Harrington, and to his grandson, Charles W. Cornell, the survivors or survivor of them, their, or his, or her, heirs and assigns forever, to be divided equally between them. By the fourth clause, the residue of his estate is given "to my said

son William W. Cornell, to my said daughter, Sarah E. Harrington, and to my said grandson, Charles W. Cornell, and to their heirs and assigns forever, to be divided equally, share and share alike, between the said William, Sarah and Charles;" subject to provisions not material to the absoluteness of the bequest. On the same day that this will was executed, he executed a codicil; which, in its first clause, changed the previous trust provision for his grandson, Latham Strong, by making the principal payable to him upon his attaining the age of thirty years; or, in the discretion of the executors, upon his earlier marriage. By the second clause of the codicil, the testator provided as follows: "Instead of the legacy given to my said grandson, Charles W. Cornell, in and by the fourth section of said will, I hereby give, devise and bequeath the share of my estate thereby devised and bequeathed to the said Charles W. Cornell, to my said executors, or the survivor of them, in trust to invest the same as in said will mentioned, and to pay over the interest or income thereof semi-annually to the said Charles W. Cornell, during his natural life, or, if in their discretion they should at any time think it wise and for the best interest of said Charles so to do, to pay to him such principal; and in case they should not pay to him said principal, and the said Charles should die without leaving issue surviving him, then to pay said principal, on his death, to my said son, William W. Cornell, and my said daughter, Sarah E. Harrington, to be divided equally between them; but in case the said Charles should die leaving issue surviving him, then said principal shall go, and belong to such issue.".

Upon this clause of the codicil, the question has arisen as to whether the testator's son William and his daughter Sarah were vested, upon the father's death, with any estates in the share so given in trust for Charles Cornell. There survived the testator his widow, Louisa Cornell, his son, William, his daughter, Sarah, and the grandson, Charles. William Cornell died in 1894, intestate and leaving neither widow, nor issue. Sarah had died in 1882, leaving three children; to whom, by

her will, she had given the whole of her estate. The grandson, Charles, died in 1896; leaving neither widow, nor issue and, by will, giving his entire estate to a friend, Charles W. Crispell.

It is claimed, on behalf of the widow of the testator, that his son, William, and his daughter, Sarah, had acquired no vested interests in the trust estate created for Charles; for the reason that the gift to them was one to take effect only in the future and that, upon their failure to survive Charles, there resulted an intestacy with respect to the principal sum, which made it distributable to the widow and the next of kin of the testator. The argument, on the other hand, is that William and Sarah, upon the testator's death, took contingent interests in remainder and that, upon Charles' death, it passed to the three children, as the legatees of Sarah, and who are, also, William's heirs and next of kin. They are respondents, upon this appeal, to the claim of the testator's widow.

In construing this will the importance of discovering the intention of the testator, in making a final disposition of his property, is in this consideration that, if one is clearly, or sufficiently, manifest, it must control, without regard to general rules of construction. When the testamentary instrument is colorless, as to intention, or design, then it is that rules of judicial construction are properly resorted to, as aids in giving to the instrument a meaning, which renders it reasonable and capable of legal effectuation. Of course, the main question in this case is whether, by the terms of the codicil, futurity was annexed to, and was of the essence of, the gift over to the testator's son and daughter of the trust estate, which he had created for the benefit of his grandson, by reason of the absence of any words of present gift to them, in the language actually used. That is to say; is it true that because, upon the death of the grandson Charles, without issue, the trustees are " then to pay said principal," to the testator's son and daughter, such language must be deemed to control, as an indication that the gift to them depended upon the contingency of their survival? I do not think so. The whole will bears internal evidences of the testamentary

purpose to make an equal division among the testator's three
lines of descent and to confine the possession and enjoyment
of his estate to representatives in those lines.   If that be true,
we are not warranted in applying general rules of construc-
tion, which might thwart that purpose.

These things impress my mind about this will.   Looking at
the will and codicil, as one instrument, it manifests an inten-
tion to completely dispose of his residuary estate in favor of
the three persons named.   When he creates the trust fund of
$15,000, for the benefit of his grandson, Latham Strong, he
gives the fund, in the event of his grandson not having
received it by the terms of the gift, to his son, daughter and
grandson Charles, equally.   When he disposes of his residuary
estate, in the will, he gives it to the same three persons, his
son, daughter and grandson, equally.   The codicil, simply,
changes the gift to the grandson into a trust for his benefit
and, to that extent, modifies the absolute character of the
residuary clause in his case.   Another feature may be
adverted to, not that it is at all a controlling one, within the
decisions, but as bearing, with others, upon the question of
intention.   I allude to it as illustrative of a general design,
which appears to me from reading these instruments.   The
testator gives the trust fund to the executors for the purpose
of keeping it invested and paying it over, in the event that
they do not exercise their discretion to pay the principal to
his grandson and that he shall die without issue surviving, not
to persons who are to be ascertained at the happening of the
event, but to the persons he names, to wit: his son, William,
and his daughter, Sarah.

It would seem that the use by the testator of the words, in
this clause of the codicil, "to pay said principal," which are
relied upon as containing the only gift to the testator's son
and daughter, was without especial reference to any technical
meaning, and, merely, was a mode of expressing his intention
that they should have it in the event mentioned.   This
appears from the fact that, in the same sentence, in providing
for the case that Charles shall die leaving issue surviving

him, he says that "said principal shall go and belong to such issue." His use of the words "go and belong to," in connection with the right of Charles' issue to take, seems to show that the use of the words "to pay," in connection with the contingent right of the remaindermen to take, was equivalent to the direct bequest contained in the other language : that is, that the estate belonged to the persons named, subject only to the contingency that Charles might be given the fund, or that he should leave issue him surviving. The word "pay" is, also, used with reference to the gift to the grandson, Latham Strong, in the third clause of the will; and yet, in referring to this third clause, the testator, in the codicil, speaks of its provision as a gift or bequest. He refers to the will "in and by which I gave and bequeathed to my grandsons, Latham Cornell Strong and Charles W. Cornell, certain legacies as therein mentioned and set forth," and, again, describes the legacy to Strong, as "the legacy given to him in and by the third section of the will." Therefore, as it seems to me, the words "to pay" are not entitled to be given the pregnant significance contended for by the appellant; but they are to be read in the light of the other language in the will, as ordinary words of gift.

The construction is not free from difficulty and it is possible, of course, to find decided cases, which may seem, if the language of the opinions, alone, is regarded, to be in point, either way, upon the argument; but each case, as it arises, must be viewed and decided according to its own particular facts and circumstances, and will become a controlling precedent, only, where the facts are the same. With each reading of these instruments, my mind is impressed with the evidence of a purpose so strong as to dominate all other inferences. All the cases admit, and it is beyond all question, that the intention is the paramount rule of construction and if the intention is apparent that the estate shall vest in remainder, immediately upon the testator's death, it must control and supplant the rule, which is applicable where there is merely a direction to divide at a future time. As Judge Finch observed,

in *Matter of Tienken*, (131 N. Y. 391), with reference to the rule of construction in cases of a testamentary direction for future payment, or delivery : "I have observed in general that where it (the rule) has prevailed, it has been where no contrary intention was fairly indicated, and where its own force was somewhat strengthened and its indication corroborated by further facts ; " an observation which Judge LANDON, in *Dougherty* v. *Thompson*, (167 N. Y. p. 484), characterizes as " a just remark." In *Smith* v. *Edwards*, (88 N. Y. 92), Judge FINCH had, also, said of this rule : " It applies only where beyond the direction for future distribution there are no words and no provisions, which import a present, or vested gift, or indicate such an intent." In that case, he had " explored the will in vain " for any adequate ground, which would take the bequest out of the operation of the rule. If, in the present case, there was nothing but the second clause of the codicil, I should find the same situation, as did Judge FINCH in *Smith* v. *Edwards*. *Dougherty* v. *Thompson*, (*supra*), is, in my opinion, distinguishable from the present case by its facts. The provision for final distribution, there, was that, upon the death of the longest liver of two parents named, " this trust shall cease and the trustees shall forthwith transfer and pay over the whole of the trust property and the proceeds and increase thereof to their children,   *   *   * and if any of said children shall have died leaving issue, such issue shall receive their parent's share." It was said of this provision, in Judge LANDON's opinion, that this was a direction to transfer and pay over the *corpus* " to a class which he (the testator), can describe, but whose members he cannot name or number, but who can be named and numbered upon the termination of the trust estate, when the transfer and payment over are directed to be made." Judge LANDON, further, observed that " the indications are strong that the postponement was both for the benefit of the children and to find out to whom and to how many, the direction to transfer and pay over could be made on the appointed day." In the present case, the persons to take are named and are desig-

nated as the contingent owners of the trust estate upon the happening of the conditions terminating it.

In *Matter of Crane*, (164 N. Y. 71), the testamentary provision was: "Upon the decease of my said wife, I order and direct that my estate be divided as follows, viz.: Equally between my brothers and sisters and my niece, Flora W. Bulkley, each one to take one equal share thereof. * * * Provided further, that if any of my said brothers and sisters and niece shall depart this life before my said wife, leaving lawful issue him or her surviving, then the share of the one so dying shall be paid over to their issue in equal shares." That provision was held not to contain any words importing a gift, other than in a direction to divide, or to pay over, at a future time and, therefore, there was no present vesting in those who were to take upon the termination of the life estate. The case, as Chief Judge PARKER considered it, was one where "the class was to be determined at the death of the widow and to consist of the brothers and sisters and niece surviving her, and the issue of those who had died leaving issue." In referring to the case of *Matter of Embree*, (9 App. Div. 602, affirmed here, on the opinion below, 154 N. Y. 778), he uses this language: "Whatever contingency existed at the time the will was executed entirely disappeared at the time of the testator's death; for the testator left no issue and the class was fixed upon his death and consisted of the children of his brothers and their heirs." The chief judge, very correctly, admits that, if the class to take is fixed at the testator's death, there is a vesting of interest. He holds, in his opinion, that where there are words importing a gift, in addition to the direction to pay over, the general rule of construction does not govern and the situation is precisely as if the will contained words of gift. There appear to me to be, in the present case, within the whole scheme of these two instruments, executed upon the same date, elements which eliminate that notion of futurity in the vesting of the rights in remainder, which characterized the wills in *Dougherty* v. *Thompson* and *Matter of Crane*. It

would not be profitable to consider the many cases, in which this troublesome question has been discussed. If, as I read this will, the intention of the testator was to dispose presently of his estate, in favor of the persons he names, to the exclusion of any other contingent interests, then the case should be decided upon its peculiar facts. From the moment of his death, the persons he selects as the contingent recipients of Charles' trust estate were in being and capable of taking upon Charles' death. He did not have in mind a class to be ascertained at the time when the fund might be payable. He was not mindful of changes in the persons, who might take, and, therefore, restrictive in his testamentary provisions; so that the property should only vest in possession at the future period. He meant that his son, William, and his daughter, Sarah, should have and enjoy the trust fund, if neither his grandson, nor his grandson's issue, received it. There was no uncertainty as to the persons to whom he intended the remainder to go upon the happening of the event. When he says "then to pay," he merely indicates the time when the right of possession is to begin, and does not postpone the vesting. This construction is in line with those rules, which favor the vesting of estates and which avoid the disinheritance of remaindermen, who may die before the termination of the precedent estate.

I think that William Cornell and Sarah Harrington, at the testator's death, were vested with contingent estates in remainder, which were descendible, devisable and alienable under the Revised Statutes. (1 R. S. pp. 723, [sec. 13], 725, [secs. 11 and 35], 726, [sec. 41] and 735, [sec. 13]; *Moore* v. *Littel,* 41 N. Y. 66; *Ham* v. *Van Orden,* 84 ib. 257; *Hennessy* v. *Patterson,* 85 ib. 91.)

Other questions are satisfactorily discussed in the opinion of Mr. Justice CHESTER, at the Trial Term, and I advise the affirmance of the judgment, with costs to all parties, who have appeared by counsel, to be paid out of the estate.

O'BRIEN, BARTLETT, CULLEN and WERNER, JJ., concur; PARKER, Ch. J. and HAIGHT, J., absent.

Judgment affirmed.