transfers, as amended by chapter 732, § 1, of the laws of 1911, was intended to and does include exactly such a situation as is here presented. That subdivision reads as follows:

"When the transfer is of intangible property, or of tangible property within the state made by a resident, or of tangible property within the state made by a nonresident, by deed, grant, bargain, sale or gift. made in contemplation of the death of the grantor, vendor or donor or intended to take effect in possession or enjoyment at or after such death."

It seems to me that so much of these deposits as was the property of the decedent became transferable at his death as a gift to his wife intended to take effect in possession or enjoyment at or after his death. If I am right in that conclusion, then the share to which the decedent was entitled of these moneys at his death was taxable.

The determination appealed from must be affirmed, and an order to that effect may be entered.

---

(79 Misc. Rep. 183.)

### In re JAGEL.

(Surrogate's Court, Kings County. January, 1913.)

WILLS (§ 630*)—CONSTRUCTION—VESTED ESTATE.

Where a will directs a sale of certain real and personal property and a division of the proceeds among testator's children and grandchildren, and in the following clause testator's daughter is given all his rights in a fraternal association and all the beneficiaries survive testator, the bequests under the first paragraph vest at the death of testator, so that the interest of a grandchild on her death passes to her legal representatives, and not to her next of kin.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1464–1480, 1486, 1487; Dec. Dig. § 630.*]

In the matter of the judicial settlement of Frederick W. Jagel, executor of Julius M. Jagel, deceased. Decree rendered.

Egbert K. Van Beuren, of New York City, for accounting executor.
C. H. Fuller, of New York City, special guardian for Louis N. Jagel, Veronica Amrhein and Dorothy Jagel, infants.
Otto Scheilke, of New York City, for Julius C. Jagel.

KETCHAM, S. The executor accounts under a will which in part is as follows: The testator, after directing the sale of certain real estate and personal property described, directs in paragraph 4 that, ."after the sale of said real estate and personal property, the proceeds shall be divided in equal parts among his children" and certain grandchildren named, eleven persons in all, including a granddaughter, Marie Jagel.

He then proceeds:

"V. To my daughter, Louisa, I give in addition to her share in aforementioned property all my right, title and benefit that I am entitled to in The Masonic Mutual Benefit of New Haven, Connecticut."

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

All of the 11 beneficiaries under these provisions survived the testator, and Marie Jagel has since died.

In paragraph 4 of the will the only words of gift are found in a direction to divide and pay at a future time. Unless, therefore, the words in that paragraph are qualified or expanded by other portions of the will the gift is future, not immediate; contingent, and not vested. Matter of Crane, 164 N. Y. 71, 76, 58 N. E. 47. The rule under which gifts contained in a direction to divide and pay are declared to be future and not vested must yield readily to anything in the will which appears to indicate a contrary intention. Roosa v. Harrington, 171 N. Y. 341, 351, 64 N. E. 1, and cases cited.

Paragraph V contains a clear intimation that the gifts to each of the distributees named of a portion of the proceeds of the sale to be divided in the future are intended by the testator to vest at his death. The daughter, Louisa, named in the fifth paragraph, is one of the distributees named in the paragraph for division. Her interests as to the property to be sold for the purpose of distribution are regarded and described by the testator as "her share in aforementioned property." It is as if the testator had said, "My gift to Louisa of an interest in the proceeds of the sale of the property mentioned in paragraph III is in my sight a gift to her of a share in the property itself." Such gift must vest at death and the conception that it vests as to one whose sole right springs from a direction to divide among many involves the intent that all the persons named as participants shall have the same vested share as to the property which is the subject of sale and division. The decree will proceed upon the finding that Marie Jagel took a vested interest in the proceeds of the sale of the property, real and personal, which is mentioned in paragraph 4 of the will, and that upon her death the same interest passed, not to her next of kin, as contended, but to her legal representatives.

This decree cannot be entered, unless the representative of Marie Jagel is brought into the proceeding.

Decreed accordingly.