(80 Misc. Rep. 299.)

INGERSOLL v. INGERSOLL et al.

(Supreme Court, Special Term, Greene County.  April, 1913.)

1. WILLS (§ 822*)—CONSTRUCTION—RESIDUARY CLAUSE.
    Where the residuary clause of a will provided that the remainder of testatrix's property should be divided into three parts for certain devisees, and where upon her death it developed that her personal estate was insufficient to satisfy the general legacies, lands constituting part of the residuary estate were not chargeable with the payment of general legacies, in the absence of anything in the will or circumstances surrounding testatrix at the time of its execution indicating a clear intention to charge such legacies upon the land.
    [Ed. Note.—For other cases, see Wills, Cent. Dig. § 2120; Dec. Dig. § 822.*]

2. WILLS (§ 634*)—CONSTRUCTION—GIFT.
    The rule that where there is no direct gift by will, except that contained in a direction to pay or divide in the future, the gift is future, and not immediate, is not an absolute rule, but must always yield to the testator's intention as found in the entire will and surrounding circumstances.
    [Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1488–1510; Dec. Dig. § 634.*]

Action by George Pratt Ingersoll, as executor, etc., against Theresa Van Den H. Ingersoll and others, to construe a will.  Findings and judgment ordered.

Theodore F. Humphrey, of New York City, for plaintiff.

Thomas Hun, of Albany, guardian ad litem, for infant defendants.

CHESTER, J.  Under the will of Mary E. Ingersoll, the construction of which is sought in this action, the testatrix gave to 18 legatees general legacies aggregating $22,550.  Two of these legatees, having legacies amounting to $300, died before the testatrix, so that their legacies lapsed, which left $22,250 of unlapsed money legacies given by the will.  In her will the testatrix devised a house and lot in New Haven to her brother, who is the plaintiff, for life, with remainder to a nephew and two nieces.  She also gave numerous specific bequests of jewelry, silverware, china, and other personal effects.  The will then contained the following residuary clause:

"Thirty-eighth. All the rest, residue and remainder of my property of every nature and description and wheresoever located, I direct my executor to divide into three parts.  I give, devise and bequeath one of said parts to the children of my brother C. Macrae Ingersoll, the second of said parts to the children of my brother George Pratt Ingersoll and the third of said parts to the children of my sister Maud M. Angell, now deceased, and their heirs forever per stirpes, and in case of the death of any of said children before my death, leaving issue, I direct that such issue shall take the share of his or her deceased parent per stirpes."

All the devisees named in this clause are living and have been made parties to this action.  The will bears date April 11, 1906.  The testatrix died February 23, 1911.  The proof shows that at the time of her death she was possessed of personal property of the value of about

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

$16,000, and that her debts, the expenses of administration, and other miscellaneous expenses amounted to $7,049.20. There was,.therefore, cash available to pay only about 40 per cent. of these unlapsed general legacies. In addition to the New Haven house, which the testatrix devised, as above mentioned, she had no real estate at the time of her death, except an undivided one-third interest in what was known as the old Pratt homestead, at Prattsville, Greene county, which interest was worth about the sum of $1,000.

[1] The plaintiff insists that under the thirty-eighth or residuary clause of the will the interest of the testatrix in the Prattsville property, which constituted a part of her residuary estate, is chargeable with the payment of general legacies, because of the insufficiency of her personal estate to satisfy the same, and that the thirty-eighth clause of the will by implication at least clothed the executor with a power of sale of such real estate for the purpose of paying legacies. This position is controverted by the devisees mentioned in the thirty-eighth clause.

The contention of the plaintiff cannot be maintained, unless from the will and the surrounding circumstances relating to the estate of the testatrix at the time the will was made there can be found a clear and manifest intention on her part to charge her legacies upon the lands. Morris v. Sickly, 133 N. Y. 456, 31 N. E. 332; McGoldrick v. Bodkin, 140 App. Div. 196, 125 N. Y. Supp. 101. The will was made nearly five years prior to the death of the testatrix and there is nothing in the proof, except the merest inference, that the condition and amount of the estate was the same at the time of the making of the will as at the time of her death. The evidence is insufficient, in my opinion, to show that the testatrix intended to charge her real estate with the payment of these general legacies. It gives no light upon the question whether or not she suffered losses during the long period intervening between the making of the will and the date of her death. The residuary clause in question, on the other hand, furnishes in itself quite convincing evidence that she at least supposed when she made her will that she would have a residue of personal property to be disposed of; after the payment of her general legacies, for that clause is comprehensive enough to cover personal as well as real property and that probably explains her direction to *divide* the same into three parts. The aid of the executor in dividing any personal property, undisposed of by the will, among her three classes of nephews and nieces—the children of her two brothers and her sister—would have been quite essential; but such aid would not be needed with respect to her real estate, for she had but two pieces of realty, one of which she effectually devised by her will, leaving a single piece, a country homestead, which the proof shows could not be well divided, to fall into the residue, and her interest in which she devised to these three classes in equal parts.

I do not think that the direction to divide in this residuary clause can be fairly construed, under the circumstances of this case, as a power of sale in the executor to divide the residue into three parts; but this direction is followed by a devise and bequest of one of said

parts to the children of each of her two brothers and of her deceased sister.

[2] Therefore the rule that where there is no direct gift, except that contained in a direction to pay or divide in the future, the gift is future and not immediate, has no application here; and even that rule is not absolute, but must always yield to the intention of the testator, as found in the entire will and the surrounding circumstances. Roosa v. Harrington, 171 N. Y. 341, 349 et seq., 64 N. E. 1; Goebel v. Wolf, 113 N. Y. 412, 21 N. E. 388, 10 Am. St. Rep. 464. I think, therefore, there has been a vesting in these three classes of nephews and nieces of the interest of the testatrix in the Prattsville property, that the will gives no power of sale thereof to the executor, and that the undivided interest of the devisees in such property is fixed by the will and by the law, without any aid, or need of aid, on the part of the executor in making a division.

Findings and judgment in harmony with this opinion, with one bill of costs to the plaintiff and one bill of costs to the infant defendants appearing by guardian ad litem, payable out of the fund, may be presented for signature.

Ordered accordingly.