UNITED STATES TRUST COMPANY OF NEW YORK, as Trustee under the Will of MORRIS LITTMAN, Deceased, Plaintiff, *v.* ISIDORE LITTMAN et al., Defendants.

(Supreme Court, New York Special Term, May, 1918.)

Wills — trusts — residuary estate — distribution — accounting — mistake in surname of legatee will not defeat legacy — remainders, when vested.

A will, by which testator bequeathed and devised his residuary estate to his brothers and sisters and their children either absolutely or in trust in certain designated proportions, provided that the trustee should hold four shares of said residuary estate in trust, to receive the income thereof and pay the same to a certain named nephew of testator, during his life, and upon his death to distribute the same to and among his lawful issue *per stirpes*. In case of his death without lawful issue the trust as to the four shares was to cease and the trustee was directed to distribute the same among testator's next of kin in such proportions as the laws of the state of New York should at the time of the death of said nephew provide for the distribution thereof in case of intestacy. The nephew died without issue. In an action for the settlement of the accounts of the trustees and for a construction of the will, *held*, that the trust fund must be distributed among the persons answering to the description of next of kin of the testator at the time of the death of the life tenant.

That it clearly appearing that testator intended a legacy to a certain nephew, a mistake in his surname will not defeat the legacy.

That the circumstances showing that testator intended to give vested remainders, although there is no present gift but merely a direction to distribute the remainder, nevertheless the remainders will be deemed to be vested.

ACTION for settlement of the accounts of a trustee and for the construction of a will.

Stewart & Shearer, for plaintiff.

S. A. Singerman (Hyman Orlean, of counsel), for defendant Isidore Littman.

Jacob I. Wiener, for defendants Herman Littman and Sarah Lewis Morris.

Nathan Ottinger, for defendants Emil Silverman et al.

Enos S. Booth (Vance Hewitt, of counsel), guardian *ad litem* for defendant Hildegard Littman.

Henry W. Unger, for defendants Henrietta Littman et al.

Edward F. Unger, for guardian *ad litem* Jacob Levy.

M. E. Duffy, for defendant Julia Littman.

M. S. and I. S. Isaacs, for defendant Joseph L. Buttenweiser et al.

Malcolm Sundheimer, guardian *ad litem* for infant defendants Cecil Lichtman and Jules Lichtman.

LEHMAN, J.　The plaintiff has brought an action for the settlement of its accounts as trustee under the will of Morris Littman, deceased, and for a construction of his will.　No party disputes the correctness of the accounts, and the only questions which need be considered by the court concern the construction of the decedent's will.　The decedent died in 1907, leaving him surviving brothers, sisters and nephews and nieces.　In his will he made certain specific bequests and devises and then bequeathed and devised his residuary estate to his brothers and sisters and their children either absolutely or in trust in certain designated proportions.　By subdivision " N " of para-

28

graph ." fourteenth " of the will the testator provided
that " the said trustee is to hold four shares of my
said residuary estate, *in trust,* to receive the income
thereof and pay the same to my nephew, Isidore Sil-
verman, son of my sister, Bertha Silverman, to and
for his use so long as he shall live, and upon his death
then to distribute the same to and among his lawful
issue *per stirpes.* In the event of his death, without
leaving lawful issue him surviving, then the trust as
to said four shares to cease, and the said four shares
of said residuary personal estate to be distributed by
the trustee to and among my next of kin in such pro-
portions as the laws of the state of New York shall,
at the time of the death of said Isidore Silverman,
provide for the distribution thereof in the case of
intestacy." It appears that the said Isidore Silver-
man has died without issue, and the plaintiff now asks
the court to determine whether the remainder of the
said trust fund should be distributed among the next
of kin of the testator as of the date of his death, or
whether it should be distributed among the persons
answering to the description of the testator's next of ·
kin on the date of the death of the life tenant. This
clause contains no words of present gift over to the
testator's next of kin, but they take only through the
direction of the trustees to distribute after the death
of the life tenant. This distribution is to be made
among members of a class and at least the pro-
portions which each member of the class shall receive
cannot be determined until the death of the life tenant,
for the testator has expressly provided that the fund
shall be distributed in such proportions as the laws of
the state of New York at the time of the death of the
life tenant shall provide. Moreover, the legislature
has power to provide not only the proportions in
which an intestate's property shall be distributed, but

also the persons among whom it shall be distributed. In other words, the legislature could, between the death of the testator and the death of the life tenant, so change the statute that it would be impossible to distribute the fund among the persons answering the description of the testator's next of kin according to the statute in effect at his death in proportions provided by the statute in effect at the time of the life tenant's death. The testator must therefore have intended that distribution must be made in such proportions as the laws of the state of New York shall at the time of the death provide among the persons who under those laws would be entitled to share therein. It follows that not only the proportions in which the members of the class constituting the testator's next of kin will take cannot be determined till the death of the life tenant, but even the members of that class cannot be determined until that date. The trust fund must therefore be distributed among the persons answering to the description of next of kin of the testator at the time of the death of the life tenant. Not only is there nothing in the will to show that the application of the ordinary canons of construction will defeat the plain intent of the testator, but it seems to me evident that in no other way can the testator's intent be given effect. The plaintiff also asks for a construction of paragraph " eighth " of the will, which provides: " I also give and bequeath to my said sister, Henrietta Littman, an annuity of four thousand dollars per annum during her natural life, to be computed from the date of my decease, and to be paid to her in equal semi-annual, quarter-yearly or monthly payments thereafter, as she may elect, such annuity to be derived and secured in the manner following, viz: I give and bequeath to the United States Trust Company of the City of New York, to hold in trust during the lifetime of my said sister, Henrietta Litt-

man, long term bonds bearing interest at four or five
per cent., of sufficient par value to yield and produce
such annuity of four thousand dollars, and to pay such
annuity to my said sister as herein directed, such
bonds to be selected and set apart by my trustee out
of my remaining personal estate. In case the bonds
thus selected and set apart shall not at any time pro-
duce and yield the said annuity of four thousand dol-
lars, the said trustee shall make up the deficiency out
of the income of any other property then held in trust
by it for my estate. Upon the death of my said sister,
said trust to cease and the amount of the principal of
the trust fund is to be distributed by the said trustees
to and among the following persons and in the follow-
ing proportions: To my brother, Elias Littman, if
living, twelve seventy-second parts; my niece, Sadie
Littman, four seventy-second parts; my brother, Selig
Littman, if living, twelve seventy-second parts; my
nephews, Herman Littman and Isidore Littman, and
my niece, Sarah Lewis Morris, children of the said
Selig Littman, each three seventy-second parts; Dr.
Lewis Morris, one seventy-second part; my nephew,
Isidor Littman, son of my deceased brother, Gabriel
Littman, five seventy-second parts; my nephew,
Adolph Littman, five seventy-second parts; my niece,
Nathalié Littman, three seventy-second parts; my
niece, Cecilia Silverman, four seventy-second parts;
my sister-in-law, Johanna Littman, one seventy-
second part; my nephew, Emil Silverman, eight
seventy-second parts; children of my nephew, Emil
Silverman, four seventy-second parts, and my nephew,
Isidor Littman, four seventy-second parts. In the
event of the death of my said brother, Elias Littman,
in the lifetime of my said sister, then the share which
would have fallen to such brother under this article
shall go and belong to the said Sadie Littman. In the
event of the death of my brother, Selig Littman, in

the lifetime of said sister, the share which would have fallen to such brother under this article of my will shall go to and belong to his children above mentioned and the said Dr. Lewis Morris in the same proportions as I have provided for them in this article respectively. In the event of the death of any of my said nephews or nieces, or of said Dr. Lewis Morris, in the lifetime of my said sister, leaving issue, the share which would have fallen to such deceased nephew or niece under this article of my will shall go and belong to his or her issue collectively in equal proportions.'' In this paragraph the testator has directed a distribution of the *corpus* of the fund among various brothers, nephews and nieces. Under this direction the testator's nephew Isidore Littman, son of Selig Littman, is to receive three seventy-second parts and the testator's nephew Isidor Littman, son of Gabriel Littman, five seventy-second parts. In addition a third person described '' as my nephew Isidor Littman '' is to receive four seventy-second parts. It appears, however, that the testator had no third nephew named Isidor Littman. He did, however, have a nephew named Isidor Silverman, now deceased, and this nephew is not expressly named in this paragraph. This nephew is with one exception the only nephew or niece not named in this paragraph. There is no reason apparent why he should not have been named and there is a good reason apparent in the will itself for this other exception. The bequest in form to '' Isidore Littman '' follows immediately upon the bequests to other members of the Silverman family, and a reading of the paragraph above gives rise to a strong suspicion, if not a fair inference, that the testator in using the name Isidor Littman intended to describe his nephew Isidor Silverman. This construction becomes practically certain when the whole will

is read together, for in the residuary clauses he divided his estate substantially in the same proportions as he divided the remainder of the *corpus* after the death of the life tenant. Under the residuary clauses Isidore Silverman received four-eightieths of the residuary estate, which is exactly the same proportion of the residuary estate after deducting the share of the residuary estate left to Henrietta Littman as the share now under consideration in the remainder of the fund left in paragraph " eighth " to Henrietta Littman for life bears to that fund. Moreover, the testator has annexed to his will a schedule of the shares in his residuary estate showing the amount left not only to each individual, but the shares left to each branch of his family, and from these schedules it appears that the share of the residuary estate left to each branch of the testator's family is exactly the same as the share of the fund in paragraph " eighth " left to each branch of the family if the bequest of the four seventy-second parts is construed as a bequest to Isidore Silverman. Under these circumstances the intent of the testator seems entirely clear. As a matter of fact all the adult parties, including testator's two nephews, Isidor Littman, have expressly stated that they admit that the testator intended to leave this share to Isidore Silverman and desire that his will be so construed, and I have given this question full consideration only because I felt that some circumstances might conceivably arise where infant parties might have an interest in this question. The only remaining point upon which the plaintiff asks construction is whether the remainder interests bequeathed to the nephews and nieces under paragraph " eighth " of the will are remainders contingent upon the remaindermen surviving the life tenant or vested remainders subject to be divested by death, leaving issue. Just as in the residuary clause construed above there is no

present gift of the remainder, but merely a direction to distribute the remainder. Under the ordinary canons of construction the bequest would therefore be construed as a future gift. As the courts have, however, frequently pointed out, these canons of construction are not rules of law, but merely instruments to determine the intent of the testator. In the present case there are a number of circumstances which point, in my opinion, to a construction that the testator intended to give the nephews and nieces a vested remainder. In the first place the remainders are to be distributed in specified proportions among specified persons and not among a class of persons. If the estates are contingent, then there will be an intestacy in case of any nephew or niece dying without issue. A construction which creates a vested estate, especially where otherwise there will be a partial intestacy, is always favored by the courts. Moreover, in this clause the testator has provided that in the event that any of his nephews and nieces shall die leaving issue their share " shall go and belong " to his or her issue; while in other clauses he has provided that if a life tenant dies leaving issue the remainder shall be distributed among his or her issue; but if the life tenant dies without issue it shall be paid to other parties or distributed among testator's next of kin. It would therefore appear that when the testator desired that any share left a particular nephew or niece should in default of issue go to the testator's next of kin he knew how to make provision for such distribution. In the second place the testator carefully provided that the shares of the remainder left to his brothers shall go to them " if living." These shares clearly constitute, therefore, contingent remainders. If the testator, however, intended to make all the remainders contingent, then there is no reason why he should have inserted these express words only in regard to the

interests left to his brothers. Finally, the entire will, including the schedules annexed, shows that the testator, though he left varying proportions of his estate to different individuals and branches of his family, yet had in mind that each branch should receive a specified proportion of his estate. This scheme is worked out somewhat imperfectly, and it seems to me no definite argument can be made from the general scheme to show that the testator desired to vest his or her share in each nephew or niece, subject only to a substitutional gift over in case of death, leaving issue, yet it would seem somewhat probable that the testator's language was intended to create this result. It is also fair to point out that the language used by the testator in this case is strikingly similar to the language used in the will construed by the Court of Appeals in the case of *Roosa* v. *Harrington,* 171 N. Y. 341, where the court decided that the remainders were vested and not contingent. For these reasons I have decided that the remainder interests of the nephews and nieces created by paragraph " eighth " of the will are vested and subject to being divested only by death, leaving issue. At the trial I received in evidence some correspondence which, if properly admitted, would tend to support the construction which I have placed upon this clause of the will. At that time I stated that I was very doubtful whether this evidence was admissible and I would take it only subject to further consideration as to its competency and would indicate in my opinion whether I had given it any consideration. In view of the fact that the intent of the testator can, in my opinion, be determined by an examination of the will itself, I have disregarded the extrinsic evidence pointing to the same result, and it therefore becomes unnecessary to consider whether it was admissible.

Judgment accordingly.