In the Matter of the Estate of JULIA BAYLEY, Deceased.

Surrogate's Court, Richmond County, June 27, 1932.

*Emmet, Marvin & Martin*, for the petitioner.

*Edward M. Seguine*, special guardian.

*Larkin, Rathbone & Perry*, for Edward S. McVickar and others.

*Wickes & Neilson*, for Helena Neilson and others.

*Beekman, Bogue & Clark*, for estate of Catherine A. Beekman and others.

*Charles Rush*, for estate of Alfred Neilson.

SMITH, S. This is a proceeding for an accounting by the Bank of New York and Trust Company, as trustee of two trusts established by the last will and testament of Julia Bayley, deceased, and to procure a construction of the " sixth," " eighth " and " ninth " paragraphs of said will in regard to the disposition of the principal of said trust funds.

The " sixth," " eighth " and " ninth " paragraphs of said will read as follows:

" *Sixth*. I give and bequeath to James McVickar his successors and assigns Twenty thousand dollars in Trust to receive the interest, income and profits thereof and apply the same to the use of my sister, Cecilia Kemp, during her natural life. At the death of the said Cecilia Kemp, or at my death, should I survive the said Cecilia Kemp, I give and bequeath to the said James McVickar, his successors and assigns, the said Twenty thousand dollars, in Trust, to receive the interest, income and profits thereof, and apply the same to the use of my niece Julia Neilson West, during her natural life. At the death of the said Julia Neilson West, or at the death of the said Cecilia Kemp should she survive the said Julia Neilson West, or at my death should I survive them both, I give and bequeath the said Twenty thousand dollars, to the issue, if any, of the said Julia Neilson West, such issue to take *per stirpes*. In default of such issue the said Twenty thousand dollars shall become and be part of my residuary estate."

" *Eighth*. I give and bequeath to the said James McVickar

his successors and assigns the one-half part of such rest and residue of my estate, in Trust, to receive the interest, income and profits thereof, and apply the same to the use of the said Julia Neilson West during her natural life. At the death of the said Julia Neilson West, or at my death, should I survive her, I give and bequeath such one half part to her issue, if any, such issue to take *per stirpes*. In default of such issue, I give and bequeath such one-half part to the said Eweretta C. McVickar, or if she be not living, to the said William Neilson McVickar.

"*Ninth*. I give and bequeath the remaining one-half part of the said rest and residue of my estate to the said Eweretta C. McVickar, or, if she be not living, to the said William Neilson McVickar. Should I survive the said Eweretta C. McVickar and the said William Neilson McVickar, I give and bequeath to the said James McVickar his successors and assigns such remaining one half part, in Trust, to receive the interest income and profits thereof, and apply the same to the use of the said Julia Neilson West during her natural life. At the death of the said Julia Neilson West, or at my death, should I survive the said Eweretta C. McVickar, William Neilson McVickar and Julia Neilson West, I give and bequeath such remaining one half part to the issue, if any, of the said Julia Neilson West, such issue to take *per stirpes*."

Cecilia Kemp survived the testatrix and died on February 14, 1900.

Julia Neilson West died on October 4, 1930, without issue.

Eweretta C. McVickar died on June 19, 1923.

William Neilson McVickar died on June 28, 1910.

### As to the Construction of Paragraph "Sixth" of Said Will.

Said paragraph requires no construction, for it plainly states that upon the death of Cecilia Kemp, the first *cestui que trust*, Julia Neilson West, her daughter, and a niece of the testatrix, shall have the income therefrom during her life, and that upon her death, without issue, the trust fund shall become part of testatrix's residuary estate. The residuary estate is disposed of by paragraphs "eighth" and "ninth" of said will.

### As to the Construction of Paragraph "Ninth" of Said Will.

The construction of this paragraph is taken up out of its regular order as the reasoning in the construction of paragraph "eighth" is in a measure part of the simpler reasoning herein, and in order to determine the interest of the estate of Eweretta C. McVickar in that part of the residuary estate transferred thereto by the

provision of paragraph " sixth." This paragraph requires less construction than it does a statement of the law in relation thereto. Said paragraph " ninth " gives one-half of the residuary estate to Eweretta C. McVickar, or if she be not living to William Neilson McVickar. Said Eweretta C. McVickar having survived the testatrix, became entitled to and evidently received one-half of the residuary estate before the trust estate became a part of the residuary estate, and although she did not survive Julia Neilson West, her survivorship was not a condition to the remainder, and would be unaffected by her death before the *cestui que trust* and would pass by bequest under her will. (*Roosa* v. *Harrington*, 171 N. Y. 341.)

It is, therefore, determined that the estate of Eweretta C. McVickar became entitled to one-half of the trust fund which became a part of the residuary estate upon the death of said Julia Neilson West, without issue, by the provision of paragraph " sixth."

LASTLY, AS TO THE CONSTRUCTION OF PARAGRAPH " EIGHTH " OF SAID WILL.

This paragraph disposes of one-half of the trust fund bequeathed by paragraph " sixth " which became a part of the residuary estate upon the death of said Julia Neilson West, without issue, and of the one-half of the residuary estate, before the addition of the trust fund thereto and is bequeathed by the final clause of paragraph " eighth " as follows: " In default of such issue, I give and bequeath such one-half part to the said Eweretta C. McVickar, or if she be not living, to the said William Neilson McVickar."

The intent of the testatrix is clear that she desired that none of her relatives should have any part of her residuary estate, except her niece Eweretta C. McVickar and her nephew William Neilson McVickar, and the issue of her niece Julia Neilson West, for her will gave a legacy of $20,000 to her niece Eweretta C. McVickar and a legacy of $20,000 to her nephew William Neilson McVickar. It created a trust of $20,000 for the benefit of her sister Cecilia Kemp, and at her death for the benefit of Julia Neilson West, with remainder to the issue of said Julia Neilson West. One-half of the residuary estate was given to Eweretta C. McVickar and one-half in trust for Julia Neilson West, or her issue, and if she died without issue, the testatrix gave all of the residuary estate to Eweretta C. McVickar, or if she was not living to William Neilson McVickar. None of her other numerous relatives were mentioned in her will, and in order to try and avoid an intestacy, said testatrix declared, in her will, that it was her intention to dispose of all of her estate, both real and personal, of which she died seized or possessed. As far as the testatrix could do so, she disposed of her property and she did not intend to die intestate.

Weight should be given to such intention, and there is a legal presumption that the testatrix intended to dispose of her whole estate (*Schult* v. *Moll*, 132 N. Y. 122; *Williams* v. *Petit*, 138 App. Div. 394), and a construction which avoids partial intestacy is favored. (*Haug* v. *Schumacher*, 166 N. Y. 506; *Kalish* v. *Kalish* Id. 368.) The intent of testatrix not to die intestate should be carried out if legally possible.

It will be noted that the language used in the last clause of paragraph " eighth " is similar to the language used in the first clause of paragraph " ninth " of said will, namely, in the " eighth " paragraph " I give and bequeath such one half part to the said Eweretta C. McVickar or if she be not living to William Neilson McVickar," and in the " ninth " paragraph " I give and bequeath the remaining one half part of the said rest and residue of my estate to the said Eweretta C. McVickar, or, if she be not living, to the said William Neilson McVickar."

It cannot be seriously contended that the provisions of paragraph " ninth " gave any part of the trust fund created by paragraph " sixth " to William Neilson McVickar, or that the testatrix died intestate in relation thereto, and yet the language in both gifts is identical. Can it be considered that the fact that Eweretta was living and received the half of the residuary estate before the trust fund was added thereto would change the situation? The half of the trust fund passes under the same conditions as does the fund under paragraph " eighth," and the gift was the same in each instance, and was to Eweretta and not to William. If William could only take the one-half of the residuary bequeathed by paragraph " ninth " if Eweretta did not, and as no intent appears to make William a remainderman therein, unless Eweretta could not take, and there was no intestacy under that paragraph, why should a gift to William, who died before Eweretta, or an intestacy, be predicated upon the words " or if she be not living " in paragraph " eighth " and not in the " ninth? " The words " or if she be not living " were evidently only used to divest Eweretta of any interest that her estate might have in said trust funds, if William survived her, but she could, and did, take under paragraph " ninth " and her taking under said paragraph was not altogether by reason of her survivorship, for her estate would have taken, as it is entitled to take under paragraph " eighth " under the reasoning of the court in *Hennessy* v. *Patterson* (85 N. Y. 91), which said, under substantially similar circumstances, as follows: " Foley had something more than a mere possibility of acquiring an estate; he had the fixed, absolute right to have the estate if the contingency occurred. That right was conferred by the will of the testator,

and vested in him at the instant of the latter's death. The devisee held it as a vested right, but such a right as the contingent and uncertain character of the devise created."

The pay and divide rule does not apply in this matter, as it is evident that a clear present gift was given to an individual and not to a class, and there was no direction to divide, pay over and distribute at a future time. (*Roosa* v. *Harrington*, 171 N. Y. 341.)

I, therefore, decide that the gift to said Eweretta C. McVickar by the " eighth " paragraph of said will became absolute upon the death of the said testatrix as said Julia Neilson West died without issue (as was the gift to her of one-half of the residuary estate by the " ninth " paragraph of said will), and I further decide that the intention of the testatrix is clear in that regard, and that she did not intend that the title to said fund should become vested in William Neilson McVickar unless he survived Eweretta C. McVickar, and I direct that the amount of both trust funds, remaining in the hands of the trustee, after the payment of the expenses therefrom, be paid over to the executor of the will of Eweretta C. McVickar upon the filing and recording of an exemplified copy of said will in the clerk's office of this court and the issuance of ancillary letters thereunder.

The special guardian calls attention to the fact that certain conclusions are set up in the petition which are not borne out by the facts as ascertained by his investigations. Attention of the attorneys for the petitioner is called to the report of the special guardian for such action as they may deem advisable.

Prepare decree in accord with this decision. Allowance to special guardian to be inserted in the decree.