In the Matter of the Estate of Catherine H. Ranney, Deceased.

Surrogate's Court, New York County, December 5, 1936.

*Olin, Clark & Phelps*, for the trustee.

*Joseph F. Condon*, for the beneficiary of the income on $20,000.

*Joseph F. Condon*, for Lillian V. Ranney, general guardian of Marilyn J. Ranney and Robert F. Ranney, infants.

*Todd & St. John*, for the remaindermen.

*Thomas F. McAndrews*, special guardian for Beatrice Virginia Ranney, Robert Lafayette Ranney, Constance Marie Ranney and Carol June Ranney, infants.

DELEHANTY, S. On this trustee's accounting a construction of the will of deceased is sought.

By the sixth clause of the will she created a trust for her son of all her residuary estate to endure for life. The seventh clause of the will provides that on the death of the son the trustees shall set apart $20,000 and pay the income therefrom to such person as the son shall designate by his will and pay the principal eventually to

three named individuals. The son died in February, 1936, and in his will designated a person to receive the income on the $20,000 during life. This person is now living and receiving the income. The three named remaindermen are likewise living. They ask a decree that they have a presently vested interest in the fund of $20,000. The court so holds (*Roosa* v. *Harrington*, 171 N. Y. 341).

A more serious problem concerns the distribution of the remainder of the residuary trust over and above the appointed $20,000. The eighth, ninth and tenth clauses of the will provide:

" *Eighth*. Upon the death of my said son Francis P. Ranney if he shall leave lawful issue him surviving, then I order and direct my said Trustees to divide all that portion of my estate referred to in paragraph ' sixth ' of this my will, save and except that portion thereof which is specifically taken therefrom by paragraph ' seventh ' into as many shares or portions as my said son shall leave lawful children him surviving and to pay over the income of one of said shares to each of the children of my said son for and during the term of his or her natural life.

" *Ninth*. Should any legitimate child of my said son Francis P. Ranney marry and leave lawful issue him or her surviving then I order and direct my said Trustees, their survivor and successors to pay over in equal shares to the lawful issue of such child the whole of the share herein set apart for the child so dying.

" *Tenth*. Should my said son Francis P. Ranney depart this life leaving no child or grandchild him surviving then I order and direct my said Trustees their survivor or successors to pay over and distribute in equal shares the whole of that portion of my said estate referred to in paragraph ' sixth ' of my will save and except that portion referred to in paragraph ' seventh ' to my nephews Francis P. Harper, James P. Harper and Lathrop C. Harper and my niece Christina A. Harper."

At the time of the execution of the will and codicil and at the date of the death of deceased, her son had two children. One of these children, Francis P. Ranney, Jr., died in September, 1932. He was survived by two children. The other son of the life tenant is still living.

The first question presented is whether the secondary trusts attempted to be created by the will are valid. It is argued that under the language employed there was a possibility that the power of alienation might be unduly suspended since a child of the life tenant might be born subsequent to the death of the testatrix. No such event occurred, however. The language of the codicil hereafter referred to indicates that deceased contemplated the creation of two secondary trusts for the benefit of the existing

children only of the life tenant. In her codicil she refers to " either of my grandchildren who are now living," " my said grandchildren " and " either of my grandchildren " several times. This text suffices to sustain the ruling here made that deceased intended to create two trusts for the benefit of her two grandchildren who were in being at the date of her death. Accordingly one-half of the remainder of the primary trust must be continued in the hands of the trustees for the benefit of the surviving grandchild of deceased.

Whether or not the other one-half should be added to this trust or whether it passes elsewhere is the principal question to be decided. Clause eighth of the will quoted above directs the trustees upon the death of the son to divide the estate into as many shares as the son shall leave children him surviving, and to pay the income to each of such children. On the death of the son only one child of his was living. Strict adherence to the letter of the will might support an argument that the entire remainder should be held in trust for the benefit of the son's surviving child. That result was not intended by the testatrix. She intended to create a primary trust for her son, a secondary trust for each of his children and to give a remainder interest to the issue of the respective grandchildren in each instance. Clauses ninth and tenth of the will demonstrate that this was the intention of the testatrix. Clause ninth makes a definite gift-over to the issue of a grandchild should he die leaving lawful issue. Unless this clause applies to the actual event which has occurred (to wit, the death of a grandson leaving issue) it would have no significance whatsoever. The general intent of the testatrix is evident from other clauses despite the language employed in the eighth clause. The ninth clause clearly shows that the testatrix intended to make a substitutional gift to the issue of either grandchild who failed to survive to the time of distribution. The tenth clause again evidences the intent of deceased that the residuary estate should descend by stocks to the issue of her son. This clause provides for a gift-over only in the event that the life tenant of the trust dies without descendants.

In furtherance of this ascertained meaning of deceased's will the court holds that one-half of the remainder of the primary trust over or above the $20,000 of appointive property should now be paid to the issue of the grandchild who survived the testatrix but who predeceased the life tenant of the primary trust. (*Stokes v. Weston*, 142 N. Y. 433, 438; *Matter of Harden*, 177 App. Div. 831; affd., 221 N. Y. 643.) The secondary trusts are held to be in all respects valid. (*Matter of Horner*, 237 N. Y. 489; *Matter of Durand*, 250 id. 45; *Matter of Lyons*, 271 id. 204.)

There remains the question whether certain provisions in the codicil are effective. The second and third clauses of the codicil provide:

" *Second.* In case either of my grandchildren who are now living shall at any time hereafter have any social relations or intercourse with their mother or any of her blood relations or relations by marriage, or in case their mother or any of her blood relations or relations by marriage shall be appointed the guardians of either of my said grandchildren, then I order and direct my trustees to cease paying to said grandchild so having entered into such social relations or intercourse with his mother or her blood relations or relations by marriage any of the income which in and by my said will I have directed to be paid to my said grandchildren or either of them and to pay over the principal of the fund invested for my said grandchild who shall have entered into social relations or intercourse with his mother or her blood relatives or relatives by marriage in equal shares, to the parties designated in paragraph tenth of my said will, or to such of them as may be living at that time. My executors and trustees, or such of them as shall have qualified and shall be acting, shall be the sole judges of the fact as to whether my said grandchildren or either of them have entered into social relations or intercourse with their said mother and her blood relatives and relatives by marriage, and the decision of my said executors and trustees as to such matter shall be final and no appeal shall be taken therefrom.

" *Third.* In case my said grandchildren shall refrain from all social intercourse with their said mother and her blood relatives and relatives by marriage and in case either of my said grandchildren who are now living shall die without leaving lawful issue him surviving, then I direct that the trust fund set apart by the eighth paragraph of my said will for the benefit of such grandchild so dying, shall go to his surviving brother or to the lawful issue of such brother if he shall have died leaving lawful issue him surviving."

The language employed is so sweeping that if the grandchildren are not permitted to have relations with their mother, or with her relations by blood or marriage, they are prohibited from having any intercourse with any relations. Every relation of the grandchildren is a relation of their mother's by blood or marriage. The condition is impossible to perform and is against public policy. No party to this proceeding seeks to enforce it. The condition is invalid and is unenforcible. (*Matter of Carples,* 140 Misc. 459, 468, and cases there cited.)

Submit, on notice, decree construing the will and settling the account accordingly.